UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| COLE COUNCIL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 25-073-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LYFT, INC., et. al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant, Lyft, Inc. ("Lyft") has responded to the Court's May 29, 2025, directing it Order to show cause why the case should not be remanded to the Campbell Circuit Court pursuant to 28 U.S.C. § 1441(b)(2).  [Record No. 7] Having fully considered the matter, the undersigned finds that this case was improperly removed, and the Court lacks subject matter jurisdiction.  Therefore, this matter will be remanded back to state court.

Lyft filed its Notice of Removal on May 28, 2025.  [Record No. 1]  The notice asserts that: (i) the plaintiff is a citizen of Ohio; (ii) Defendant Lyft is a corporation organized under the laws of the State of Delaware with a principal place of business in California; (iii) Defendant Flexdrive Services, LLC, is incorporated under the laws of Delaware with a principal place of business in Georgia; and (iv) Defendant Mikenzie Malikov is a citizen of Kentucky.

Under 28 U.S.C. §1441(b)(2), an action cannot be removed based on diversity jurisdiction if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2).  Despite this rule, Lyft cites *McCall*

*v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001), for the proposition that "[w]here there is complete diversity of citizenship . . . the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." And at the time of removal of this action, Malikov (a Kentucky citizen) had not yet been served with process. Since the panel in *McCall's* above dictum, the Sixth Circuit has not addressed the "forum defendant" rule.

Although the undersigned recognizes that some courts have adopted the interpretation advanced by Lyft, others (including this Court) have found that an "in-state defendant cannot avoid the statutory prohibition against removal by removing a case before service." *In re Darvocet, Darvon and Propoxyphene Prod. Liab. Litig.*, 2012 WL 2919219 at *3 (E.D. Ky. July 17, 2012); *see also Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 862 (N.D. Ohio 2008); *Schilmiller v. Medtronic, Inc.*, 44 F. Supp. 3d 721, 726 (W.D. Ky. 2014). In *Darvocet* the undersigned determined that the "joined and served" language in § 1441(b)(2) "was intended to prevent gamesmanship by plaintiffs who might name an in-state defendant against whom [there is no] valid claim in a complaint filed in state court to defeat otherwise permissible removal by the non-forum defendant(s)." *In re Darvocet*, 2012 WL 2919219 at *3. Because the risk of gamesmanship applies to all litigants, it would not make sense to interpret the language to condone similar tactics by defendants. Therefore, this Court held that a removing defendant "cannot avoid the statutory prohibition against removal by removing the case before service." *Id.*

Lyft attempts to distinguish the holding in *Darvocet* on the following three grounds: (1) at the time of that case, the 'properly joined and served' language had not been resolved by federal appellate courts to the extent it has been now; (2) the removing defendant in *Darvocet* was the forum defendant; and (3) the *Darvocet* defendant removed the case before it

- 3 -

could be served. [Record No. 7 at p. 3] While some circuits have since interpreted the provision consistent with the argument advanced by *Lyft*, the Sixth Circuit has not provided further guidance. Further, it makes no difference that Lyft is not the forum defendant as that was not dispositive in *Darvocet*. And despite Lyft's belief that the safeguards provided by a federal court are necessary to protect its interests, Malikov is a citizen of Kentucky. Thus, the case cannot be removed.

Finally, Lyft's contention that it did not engage in gamesmanship because it gave the plaintiff ample opportunity to serve the remaining defendant has no bearing on the Court's analysis. The absence of gamesmanship does not alter the risk that interpreting §1441(b)(2) in the manner Lyft advances opens the door to such gamesmanship, thereby defeating the central purpose of the forum defendant rule.

Based on the foregoing analysis, it is hereby

**ORDERED** that this action is remanded to the Campbell Circuit Court and stricken from this Court's docket.

Dated: June 10, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky